IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM MICHAEL LOVERN, : | |
| Petitioner : | |
| : | |
| v. : | CIVIL ACTION NO. RWT-06-371 |
| : | |
| J. JOSEPH CURRAN, JR., : | |
| Respondent : | |

**MEMORANDUM OPINION**

On February 13, 2006, William Michael Lovern filed a Petition for Writ of Habeas Corpus attacking convictions and sentences imposed on July 28, 2005, in the Circuit Court for Anne Arundel County.[1] The State has filed a Response (Paper No. 16) and Petitioner has filed a Reply. (Paper No. 18). After review of these papers, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For reasons that follow, the Petition will be dismissed without prejudice.

**Procedural History**

Petitioner represented himself during a jury trial in the Circuit Court for Anne Arundel County on charges of telephone misuse. (Paper No. 16, Exhibits 2-3). On June 16, 2005, Petitioner was found guilty of two counts of telephone misuse. (Id., Exhibits 1 and 3). On July 28, 2005, he was sentenced to three years incarceration, one year suspended and three years of supervised probation on one conviction and two years incarceration, consecutive to the first sentence, suspended on the second conviction.[2] (Id., Exhibit 1). He noted an appeal to the Court of Special

---

[1] A previously-filed habeas corpus petition attacking the same convictions and sentences, Lovern v. Curran, et al., Civil Action No. RWT-05-2153 (D. Md. 2005), was dismissed without prejudice on August 18, 2005, as unexhausted.

[2] Petitioner has been released from incarceration but remains on supervised probation.

Appeals of Maryland on August 30, 2005.[3] (Id., Exhibit 8).  On November 16, 2005, the appellate court dismissed the appeal as untimely filed.[4] (Id.).  Petitioner has not sought post-conviction relief.

Petitioner seeks relief here on grounds that the state statute under which he was convicted is unconstitutionally overly broad and void for vagueness, and the trial court erred in admitting certain faxed documents into evidence.

## Threshold Considerations

### Timeliness

Respondent does not contend, and the Court does not find, that the Petition was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).

### Exhaustion of State Remedies

Under Rose v. Lundy, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  See 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal and thereafter seeking certiorari to the Court of Appeals, and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.

---

[3] It is unclear from docket entries whether Petitioner was represented by counsel at the time his direct appeal was noted.  Appellate counsel's notice of appearance was not entered until December 6, 2005, twenty days after the date of the order dismissing the appeal as untimely, and ten days before the mandate issued.  See Paper No. 16, Exhibits 1 and 8.  Petitioner contends that Public Defender Brian Denton represented him from August 2, 2005, until Petitioner discharged him on August 16, 2005, due to Denton's failure to timely file the appeal.  See Paper No. 18 at 2.

[4] The mandate issued on December 16, 2005.

Because the habeas corpus claims presented here have not been exhausted in the state courts, the instant action is premature.  See Gray v. Netherland, 518 U.S. 152, 161-65 (1996).

Petitioner argues that he could not pursue appellate remedies due to error on the part of appellate counsel, and implies that any attempt to seek post-conviction relief based on ineffective assistance of appellate counsel (which if proven would entitle him to a belated appeal) would not yield results until after he has completed his sentence.  This argument is unavailing, in light of the fact that Petitioner still has two or more years of supervised probation remaining.  Thus, his Petition seeking habeas corpus relief  will be dismissed without prejudice, by way of separate Order.

  8/28/06                                            /s/
(Date)                                    ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE